**214 A.2d 200.**

HENDELS INVESTORS OF RHODE ISLAND, INC. *et al. vs.*
ZONING BOARD OF THE TOWN OF WESTERLY.

NOVEMBER 12, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

JOSLIN, J. This is a petition for certiorari to review a decision of the respondent zoning board denying the petitioner's application for a special exception under the zoning ordinance to erect a gasoline and service station on a tract of land zoned B-1 Business. The writ issued and pursuant

thereto the pertinent records have been certified to this court.

The circumscribing limitations imposed by the Westerly town council upon the authority of the zoning board to permit the use sought are contained in sec. VI of the zoning ordinance as amended July 1962. The requirements there prescribed as conditions precedent to an affirmative exercise of the board's discretion to grant an application for an exception are that the use proposed be compatible with neighboring uses and that it neither create a neighborhood nuisance nor hinder the town's future development.

We construe the requirement that the proposed use be compatible with neighboring uses within the context of the enabling legislation, *Harte* v. *Zoning Board of Review,* 80 R. I. 43, 51, which in the instance of the town of Westerly is a special legislative act. P. L. 1922, chap. 2299, as amended by P. L. 1925, chap. 746. In sec. 1 thereof authority is conferred upon the town council to enact an ordinance dividing the town into districts and to regulate and restrict land uses "in accord with a comprehensive development plan for the entire town and with reasonable consideration, among other things, to the existing character of each section of the town and its peculiar suitability for particular uses and *with a view to conserving the value of buildings* and encouraging the most appropriate use of land throughout the town." (italics ours)

When the ordinance requirement of compatibility is read within the context of the restrictions contained in the legislative grant of authority the conclusion is inescapable that the requirement is not satisfied if the proposed use substantially and permanently injures neighboring property. A proposed use to be compatible must be congruous with, tolerant of and have no adverse effects upon existing neighborhood uses. If we were to conclude otherwise, we would deny to the word "compatible" its plain meaning.

The board's conclusion "that the granting of this Special

Exception would substantially or permanently injure neighboring residential property" finds support in the testimony of a real estate expert that a "gas station in this area will certainly depreciate the value of the [neighboring] properties" and reduce the value of adjoining land. The condition precedent of compatibility with neighboring uses as we have construed it having been negated by the board in its legitimate exercise of the fact-finding process, it was without authority to act affirmatively on the application for an exception. *Klowan* v. *Zoning Board of Review,* 99 R. I. 252, 207 A.2d 42; *Fitzgerald* v. *Board of Review,* 99 R. I. 221, 206 A.2d 635; *Kraemer* v. *Zoning Board of Review,* 98 R. I. 328, 201 A.2d 643.

We refrain from either summarizing the conflicting and extensive evidence or examining the several additional reasons advanced by the board as grounds for its action. To do either would serve no useful purpose. Cases like this turn on a narrow question and require neither an extensive summary of the evidence nor a discussion of each of the several grounds upon which a board may have premised its conclusion. So long as the findings lawfully ascertained and based upon competent evidence negative any one of the legislatively-prescribed conditions precedent, the board is without power to grant a special exception.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified are ordered sent back to the respondent board with our decision endorsed thereon.

*James O. Watts,* for petitioners.

*Frank S. Cappuccio,* Town Solicitor, for the Town of Westerly, for respondent.