388 A.2d 11.

## Joseph O. Weaver *et al. v.* United Congregational Church *et al.*

JULY 7, 1978.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.    This zoning case is before us on a petition for certiorari. The petitioners seek review of a Superior Court judgment affirming actions taken by the Newport Zoning Board of Review (the board) regarding the use of certain land in Newport.

The petitioners are owners of land in the neighborhood of the property under consideration. That property consists of a

tract of land and two buildings, a church and a parish house.[1] The buildings are adjoining and are connected by stairways, but they have separate walls. The property is presently owned by the United Congregational Church (the church), one of the respondents to this petition, and is located in an R-10 district zoned for one- and two-family dwellings under the Newport Zoning Ordinance.

The church proposes to sell the property to respondent Lawrence Allen who is chief executive officer of two educational film companies. Mr. Allen's intention is to divide the property into two lots of different sizes. The larger lot would include the church building and would conform to the area and frontage requirements of the Newport Zoning Ordinance for an R-10 district. The smaller lot would contain the parish house and would fall short of both the area and the frontage requirements. After subdividing the lot, Mr. Allen further intends to convey the larger lot with the church building to the Newport Restoration Foundation. He would then retain only the smaller lot and the parish house which he would use for film storage and for offices from which to conduct his mail-order film rental business. These uses are commercial and are not permitted in an R-10 district.

Because the proposed subdivision of the land would create an undersized lot and the proposed use of the building on that lot is not a permitted use, respondents sought the board's approval before carrying out their plans.

The board held a public hearing on the proposed uses. Based on the testimony presented at that hearing, the board found that the parish house was not suited for residential use, that it could not be converted to such use without prohibitive expense, and that there was no market for the church and parish house as a unit. The board also found that the proposed use of the parish house would be compatible with the

---

[1] The church was built in 1857 and the parish house was completed in 1907. The zoning ordinance was adopted in 1939.

existing neighborhood and would not have a detrimental effect on the neighborhood or on the public welfare. The board thus decided to permit the division of the lot and to allow the use of the parish house for the film rental business. This permission was granted subject to the condition that the church building and the larger parcel on which it is located be conveyed to the Newport Restoration Foundation.

The petitioners appealed this decision to the Superior Court where a justice reviewed the record and upheld the board's decision approving the subdivision and granting the variance. Judgment was entered affirming the board's decision. The petitioners then sought the present writ of certiorari to review that judgment.

The first point raised by petitioners is that the reviewing justice erred in holding that the board had jurisdiction to approve the division of this lot. In our view, petitioners misconstrue the justice's decision. We read it as stating, and correctly so, that no approval under the subdivision statute, G.L. 1956 (1970 Reenactment) chapter 23 of title 45, is necessary to subdivide this lot. Sections 45-23-1 and 2 vest jurisdiction to control the division of a lot into two lots in a city's plan commission (which, in Newport, is the board) only when the subdivision is done "in such a manner as to require provision for a street." Since the two new lots would both front on existing streets, the proposed subdivision here would not "require provision for a street," and would therefore not require approval by the board in its capacity as plan commission. *Taylor v. Marshall,* 119 R.I. 171, 178, 376 A.2d 712, 715 (1977); *Slawson v. Zoning Board of Review.* 100 R.I. 485, 492, 217 A.2d 92, 96 (1966).

The petitioners next contend that respondents failed to present sufficient evidence to the board to support their request for a variance for the parish house. They argue that the record does not indicate that a literal application of the zoning ordinance would cause respondents "unnecessary hardship" so as to require the granting of a variance under §45-24-19(c).

In order to show unnecessary hardship, respondents were required to prove to the board that a rigid insistence upon the property being devoted to a use permitted by the zoning regulations would deprive them of all beneficial use of the property and would therefore be confiscatory. *Goodman* v. *Zoning Board of Review*, 105 R.I. 680, 683, 254 A.2d 743, 745-46 (1969); *accord, Bilodeau* v. *Zoning Board of Review*, 103 R.I. 149, 152, 235 A.2d 665, 666-67 (1967). Under the Newport ordinance, an R-10 district is zoned for, among other uses, one- or two-family dwellings.[2] In order to obtain a variance, then, respondents were required to prove that the property in question could not be beneficially utilized or profitably operated if used for a parish house, for a one- or two-family dwelling, or for any other purpose allowed in an R-10 district. *Goodman* v. *Zoning Board of Review, supra.*

In presenting their claim of hardship to the board, respondents called two witnesses. The first was the chairman of the church's board of directors. He testified that the congregation had tried to sell the property to other religious organizations but had failed because of the church's large size and maintenance expenses. He also testified as to the number of repairs which the building needed. The other witness was a construction contractor experienced in the conversion of buildings into residences. He testified that by his projections the cost of converting the parish house into a two-family dwelling would total $90,000 and the recovery of those costs would require charging rent of $1,000 a month per unit.

From this testimony the board could legitimately conclude that the parish house could not be used beneficially for its present purpose and that it could not be profitably converted into a two-family dwelling. The board, however, had no

---

[2]The Newport Zoning Ordinance itself is not in the record of this case, but the parties have provided us with copies of those portions which are relevant to the present petition. Since the board itself could have taken notice of the ordinance without its being placed in evidence, we can do so ourselves despite the general rule that provisions of specific municipal ordinances are evidentiary facts which must be proved and are not susceptible of judicial notice by a court of general jurisdiction. *Hooper* v. *Goldstein*, 104 R.I. 32, 241 A.2d 809 (1968).

testimony at all before it concerning the cost of converting the parish house into a single-family dwelling and none concerning the use of the land for that purpose. In fact, the only reference in the record to a single-family residential use was a statement by the contractor that the parish house has about five times the area of an average single-family unit.

The reviewing justice was thus faced with a decision of the board granting a variance without any evidence upon which to conclude that the property could not be used for a single-family residence as permitted by the zoning ordinance. Although the exact standard of review of a Superior Court justice in zoning matters is still an open question, *see, e.g., Town of East Greenwich* v. *Day,* 119 R.I. 1, 3, 375 A.2d 953, 956 (1977), in the present case there was no evidence at all on a material point in respondents' petition for a variance. Thus, irrespective of the reviewing justice's exact standard of review, there was insufficient evidence in the record to support the grant of this variance, *id.,* and on this record, that grant should not have been affirmed.

We note also that there are other deficiencies in the evidence presented to show this claimed hardship. The Newport Zoning Ordinance contains a number of uses besides one- or two-family dwellings which are permitted in this R-10 district. Property in an R-10 district can be used for a church, library, certain types of offices. rooming houses, and for a number of other purposes, and the respondents should have been required to show that their land cannot be put to any of these permitted uses either, before being granted a variance for unnecessary hardship. *Cole* v. *Zoning Board of Review,* 97 R.I. 220, 197 A.2d 166 (1964). Furthermore, there is also no evidence indicating whether the parish house could be removed and the land itself devoted to a permitted use without hardship to the owners. *Somyk* v. *Zoning Board of Review,* 99 R.I. 255, 258, 207 A.2d 34, 36 (1965); *see* 3 Anderson, *American Law of Zoning* §18.35 at 232 (2d ed. 1977).

The petition for certiorari is granted, the judgment of the Superior Court is quashed, and the records certified to this court are hereby remanded to the Superior Court with our decision endorsed thereon.

*Ralph D. Morrison*, for petitioner.

*William R. Harvey, Edward B. Corcoran*, for respondent.