[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the plaintiffs', Claire and Kenneth Hein (hereinafter "the Heins") appeal of a May 9, 1990 decision of the Town of Foster Zoning Board of Review. The Town of Foster Zoning Board of Review denied plaintiffs' appeal and request for special exception. The facts and travel of the case are summarized as follows.
The plaintiffs own a piece of property in the Town of Foster on Moosup Valley Road. The plaintiffs are residents of the Town of West Warwick. The unimproved lot they own lies in an agricultural residential zoned area. Before they applied for a special exception and appeal to the Town of Foster Zoning Board of Review, the Heins grew fruits and vegetables on the property. The only structures on the property were a 7' x 8' shed and a stationary camping trailer with an attached deck, with no plumbing (Tr. 7, 59, 60). The Heins do not reside in Foster and have no intention of residing in Foster in the near future.
The plaintiffs, on or about February 28, 1990, appealed the Town of Foster building official's denial for a permit to build a 36'x 46' barn. The Town of Foster denied the plaintiffs' request for a permit for a barn because the property did not contain a house. The zoning ordinance requires an existing structure on the property before allowing construction of a barn as a proper accessory. (Town of Foster zoning ordinance Article 2, section 12).
Before the Foster Zoning Board of Review heard the plaintiffs' case on the merits on May 9, 1990, the plaintiffs amended the appeal to include a request for special exception. The Board voted 5 to 0 and denied the plaintiffs' appeal for a permit to build the barn and the request for special exception.
The zoning board of review affirmed the denial of the zoning and building official because the proposed construction of the barn was not in conjunction with an existing structure as the ordinance requires (Tr. 3).
 Town of Foster, Zoning Ordinance, Article II, section 12(1)(2) defines accessory use as:
 any use customarily incident to use permitted in the districts and located on same lot, and any use customarily incident to a use permitted in the district as a special exception and located on the same lot.
Article II, section 12(2) also states:
 that all uses not listed in Article II or in Article VIII will require a ruling as to general classifications by the zoning board of review. If such a classification is listed as a special exception, the provisions of Article I, section 5(C) will apply.
In denying the plaintiffs' appeal for a permit, the zoning board of review concluded that a barn constitutes an accessory use to a structure and explained that all past actions in the Town of Foster have held that a main use was necessary for such an accessory use.
Pursuant to R.I.G.L. 1956 (1988 Reenactment) § 45-24-20, plaintiff commenced a timely appeal. When reviewing appeals from zoning board decisions, the Superior Court is bound by the strictures of § 45-24-20 which reads in pertinent part:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The Rhode Island Supreme Court, in interpreting this statute, has stated that ". . . in reviewing a decision of a zoning board of review, the trial justice must examine the whole record to determine whether the findings of the zoning board were supported by substantial evidence." Caswell v. George Sherman Sand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) [citing Tooheyv. Kilday, 415 A.2d 732, 735 (R.I. 1980); DeStefano v. ZoningBoard of Review of Warwick, 405 A.2d 1167, 1170 (R.I. 1979);Apostolou v. Genovesi, 388 A.2d 821, 824 (R.I. 1978)]. The court in Caswell went on to define "substantial evidence" as ". . . such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance." Id. at 67.
The primary issues which concern the Court and which will be dispositive in this matter are: (1) whether or not a barn complies with an accessory use under the ordinance and (2) whether or not the granting of a special exception for the permit for building a barn will promote the public health, safety, morals and general welfare of the Town of Foster as propounded in Article I, section 5(C)(2)(a)(b)(c) and Article I, section 1, respectively and (3) whether or not there is substantial evidence in the record to support said basis for the granting of such exception.
The zoning board of review in denying the permit for construction of the barn, interpreted accessory use to mean an accessory use to an existing structure. The Town of Foster has held that a main use is a necessary prerequisite for an accessory use. Although the Foster Zoning Ordinance does not clearly define the term "accessory use", the term accessory use does imply use to an existing structure. Town of Foster Zoning Ordinance, Article II, section 12 defines accessory use as:
 1) any use customarily incident to a use permitted in the district as a special exception and located on the same lot. Article IX of the zoning ordinance defines accessory use: any use which is auxiliary to another use on the same premises. Examples: a garage accessory to a house on the residential lot, a repair shop in an auto sales agency, and a parking lot serving a drug store.
The zoning ordinance permits agricultural uses and residential use on the property in question. Agricultural uses include: raising animals for home use, raising animals for sale, raising crops and forest products, and sale of produce raised on the premises. (Article II, Section 1, Town of Foster Zoning Ordinance) Article II, Section 1 of the Zoning Ordinance also permits communal nursery structures and poultry farms with capacity for more than 10,000 birds only with the granting of special exceptions pursuant to Article I, section 5(C)(2)(a)(b)(c).
The zoning ordinance permits single family detached dwellings, one bedroom apartments for the sole use of parent or parents, or the in-law parent or parents, grandparent or grandparents, of the occupant or occupants of the principal residence, and further requirements as stated in Article IV, section 12, and customary home occupation. All other uses are prohibited or require special exceptions.
Plaintiff testified, before the Zoning Board of Review, that he needed the 36'x46' barn to expand his "garden" to approximately five acres (Tr. p. 24). Hein also intends to purchase an eighteen foot tractor to store in the barn for maintaining his garden (Tr. p. 27). The Heins also intend to house buffalo, sheep and goats in the barn (Tr. p. 28).
The district in which Heins intends to construct the barn is an agricultural-residential zone. The use for which Hein proposes to construct the barn is more akin to a "commercial nursery". A commercial nursery requires a special exception.
The Heins also have a camping trailer on their property (Tr. pp. 59-60). Article IV, section 9 of the zoning ordinance prohibits house trailers or mobile homes except in specific situations, — none which apply to the Heins.
Based on the evidence and finding of facts, the decision of the zoning board of review is upheld. The Court holds that the zoning board of review acted correctly in affirming the zoning official's denial of the permit for construction of the barn and in interpreting the Town of Foster zoning ordinance to mean that "an accessory use is the use of a structure accessory to an existing main structure."
The record further supports the denial of the petition for special exception in that the record fails to prove that the building of a barn will promote the public health, safety, morals and general welfare of the Town of Foster as set forth in Article I, section 5(C)(a)(b)(c). "Considerations of public health and welfare, are relevant to a zoning authority's decision to grant or deny a special exception." Mendonsa v. Corey, 495 A.2d 257, 263 (R.I. 1985). The use must also be congruous with, tolerant of, and have no adverse effects upon existing neighborhood uses.Hendele Investors of R.I., Inc. v. Zoning Board of the Town ofWesterly, 100 R.I. 264, 214 A.2d 206, 202 (1965).
In the case at bar, the owner of the Heins' neighboring properties use their properties as permanent residences. The Heins intend to have animals on their property as absentee farmers. Although some of the neighboring property owners do raise livestock, they maintain constant surveillance of their livestock as resident/occupants for their properties. The Heins proposed use of their property will therefore, not be compatible with neighboring uses.
Heins works for Electric Boat in North Kingston (Tr. p. 54). Heins stated that he visits his property about once a week or once every two weeks (Tr. p. 54). When he has animals on the property, he intends to visit the property once a day. Heins would be raising animals on his property and would not be there to care for them. During the winter he would have difficulty insuring the animals would have thawed drinking water. Leaving animals unattended would create a nuisance to permanent abutting landowners, and a danger to children who could foreseeably wander on to the property. The lack of I.S.O.S. (septic system) on the property creates a health hazard.
So long as the findings of fact of the zoning ordinance are supported by substantial evidence, the Superior Court must defer to those factual findings and cannot weigh the evidence by itself. Apostolou v. Genovesi, 388 A.2d 821, 824 (R.I. 1978);Mendonsa v. Corey, 495 A.2d 254, 260 (R.I. 1985).
Although some of the neighboring property owners do raise livestock, they maintain constant surveillance of their livestock as resident occupants for their property.
It may be well to note that the appellants may be able to utilize their property as they have proposed; however, compliance with the zoning requirement for such use must be met. Neighboring property owners have and continue to use their property in similar manner, but have established permanent residential occupancy in order to provide proper safeguards for the public safety and interest.
From its review of the record, memoranda and applicable law, this Court concludes that the board's decision was not affected by error of law. The decision does not constitute an abuse of discretion because the findings are supported by substantial evidence. The record before us clearly indicates that the plaintiff has failed to satisfy the necessary conditions precedent to granting an exception as defined in the Town of Foster Zoning Ordinance.
Hence, this Court is obliged to follow the findings of fact made by the Town of Foster Zoning Board of Review. The special exception, if granted, would create a nuisance and otherwise infringe upon the safe and quiet enjoyment of surrounding residential property. The Town of Foster Zoning Board of Review has correctly denied the plaintiffs' application for a special exception. Accordingly, this Court must affirm the Board's decision.