**Claire HEIN et al.**

v.

**TOWN OF FOSTER ZONING BOARD OF REVIEW et al.**

No. 92–388–M.P.

Supreme Court of Rhode Island.

Nov. 3, 1993.

Edmind L. Alves, Jr., Gorham & Gorham, Stephen Izzi, Law Offices of James Murray, Providence, for plaintiff.

Lori Creswell, Amato DeLuca, Mandell, DeLuca & Schwartz, Providence, for defendant.

OPINION

MURRAY, Justice.

This matter is before the court pursuant to our grant of a writ of certiorari. The Foster Zoning Board of Review (zoning board) denied the petitioners' appeal of a decision of a building and zoning official and denied the petitioners' application for a special exception. The petitioners now seek a review of the Superior Court judgment affirming the actions of the zoning board.

The parties failed to order a transcript in this case, and consequently the following facts have been derived from the trial justice's decision, the record of the zoning board hearing, and the memoranda filed by the parties. The petitioners, Claire and Kenneth Hein (the Heins), residents of West Warwick, own a seventy-acre piece of property located on Moosup Valley Road in the town of Foster. The parcel of property in question is unimproved and lies in a zoned area designated agricultural-residential. At the time of their application to the zoning board, the Heins grew fruits and vegetables and maintained a small shed and a stationary trailer on the property.

In January 1990 the Heins petitioned the town of Foster for a permit to build a barn on the property. The barn would have been used to facilitate their crop growing, to store farm equipment, and to house animals that they wished to raise on the property. At the time of their initial request to Carl Saccoccio

(Saccoccio), a building and zoning official for the town of Foster, and their appeal to the zoning board, it was the Heins' intention to raise sheep, goats, and buffalo on the property. The Heins have subsequently decided not to raise buffalo on the property.

It was Saccoccio's position that, according to the town of Foster's zoning ordinance (ordinance), the proposed barn would be considered an "accessory use," and the existence of a structure on the property was a prerequisite to the creation of an accessory use. It was Saccoccio's belief that a house must be constructed on the property before a permit could be issued for the barn. Accordingly Saccoccio denied the Heins the permit to build the barn but informed them that he would be able to grant the permit when a residence was under construction. Saccoccio also notified the Heins that a trailer located on the property violated the ordinance.

After receiving notification of Saccoccio's decision, the Heins filed an appeal with the zoning board and petitioned the zoning board for a special exception. The zoning board unanimously denied the Heins' appeal to construct the barn and their request for the special exception. On appeal the Superior Court justice affirmed the zoning board's decision. The Heins claim that the trial justice erred by (1) not classifying the proposed use of the property as an accessory use, (2) concluding that the barn would not promote the public health, safety, morals, and general welfare of the town of Foster, and (3) misconceiving material evidence and making findings of fact that were clearly erroneous.

The Superior Court is vested with jurisdiction to review the decisions of a zoning board by G.L.1956 (1991 Reenactment) § 45–24–20.[1]

"On certiorari to this court we consider whether the Superior Court justice acted within the authority of § 45–24–20. * * * This court does not weigh the evidence; instead we review the record to determine whether substantial evidence existed to support the Superior Court justice's deci-

sion. * * * We do not reverse a Superior Court justice's decision unless it can be shown that the justice 'misapplied the law, misconceived or overlooked material evidence, or made findings that were clearly wrong.' " *OK Properties v. Zoning Board of Review of Warwick*, 601 A.2d 953, 955 (R.I.1992).

■ The Heins first contend that their petition for a permit to construct a barn should have been granted because the barn is an accessory use contemplated by the ordinance. The Heins assert that the ordinance defines the term "accessory use" as "any use which is auxiliary to another use on the same premises." The Heins believe that the ordinance permits an accessory use when any use is customarily incident to a permitted use. They contend that since their property is located in an agriculturally zoned area, they are permitted to grow crops and raise animals. Consequently they conclude that the barn would be an accessory use to the permitted use of agriculture. The zoning board rejected petitioners' appeal of the denial of the permit because the zoning board interpreted "accessory use" as a use accessory to an existing structure.

Article 2, Section 12 (the district-use regulations), of the Town of Foster Zoning Ordinance outlines "accessory use" as "[a]ny use customarily incident to use permitted in the district and located on [the] same lot," and "[a]ny use customarily incident to a use permitted in the district as a special exception and located on the same lot." Article 9 (the definitions section) of the ordinance defines "accessory use" as "[a]ny use which is auxiliary to another use on the same premises. Examples: a garage accessory to a house on the residential lot, a repair shop in an auto sales agency and a parking lot serving a drug store."

The zoning board determined that Saccoccio correctly interpreted the ordinance as requiring an existing dwelling before any accessory use could be granted. We have given a zoning board wide discretion to con-

---

1. General Laws 1956 (1991 Reenactment) § 45–24–20 was repealed effective July 1, 1993. P.L. 1991, ch. 307, § 1 (see § 45–24–28(c)). The Heins appealed a May 1990 decision of the zon-

ing board and are now appealing a December 1991 decision of the Superior Court; therefore, our analysis under the statute is appropriate.

strue an ordinance where terms were not adequately defined. *See Davis v. Zoning Board of Review of Warwick,* 93 R.I. 484, 488, 176 A.2d 735, 738 (1962). In *Davis* we had no information with which to construe the term "undeveloped sections" and allowed the zoning board wide discretion. *Id.* The circumstance here is not so severe as the one noted in *Davis* because we have a definition of the term "accessory use," albeit not so clear as petitioner would like it, supplemented by specific examples. The trial justice found that although the ordinance may not clearly define the term "accessory use," the term does imply use accessory to an existing structure. We believe that great weight must be attached to each example of an accessory use in the ordinance, for example, a garage to a house, repair shop to an auto sales agency, and a parking lot to a drug store. All the examples dictate existing structures. The Heins' property did not have an existing structure as illustrated in the ordinance. Consequently we hold that the trial justice did not err in finding that the proposed construction of the barn, by definition, would not be an accessory use.

■ The Heins next challenge the trial justice's holding affirming the denial of the special exception. According to article 1, section 5(c)(2), of the ordinance, the zoning board has the authority to grant special exceptions to the terms of the ordinance. To be in accord with the ordinance, a use designated as a special exception must meet three requirements. The use (1) must be compatible with the neighboring land uses, (2) must not create a nuisance, and (3) must not hinder the future development of the town.

■ "Considerations of public health and welfare are relevant to a zoning authority's decision to grant or deny a special exception. * * * To that end a reviewing court should exercise restraint in substituting its judgment for the judgment of the zoning board which is based on the evidence before it." *Mendonsa v. Corey,* 495 A.2d 257, 263 (R.I. 1985). The way in which a landowner uses his or her land "must be congruous with, tolerant of and have no adverse effects upon existing neighborhood uses." *Hendels Investors of Rhode Island, Inc. v. Zoning Board of Westerly,* 100 R.I. 264, 265, 214 A.2d 200, 202 (1965). The owners of the Heins' neighboring land use their properties as permanent residences. It was the intention of the Heins to have animals on their property as absentee farmers. Surveillance of animals would be much more effective if performed by a person who lived on the property instead of a person who only visited the property. Leaving property with animals such as sheep or buffalo unattended could create a danger to the surrounding landowners. Sporadic visits during the winter months would not ensure that the animals had a sufficient supply of thawed drinking water. The decision of the trial justice noted the fact that the property lacked a septic system, which could create a health hazard. All these factors together substantiate the trial justice's decision that the proposed use of the property could have a negative effect on the public health, safety, and general welfare of the town and more directly on the neighboring land owners. The Heins must establish a more permanent type of occupancy on the property in order to provide proper safeguards for the public safety. We believe that there was sufficient evidence before the trial justice to support his decision that petitioners had failed to satisfy the necessary requirements for the granting of the exception as defined in the ordinance.

■ The Heins also contend that the trial justice erred in sustaining the zoning board's determination that their present use of their property is in violation of the ordinance. The Heins currently maintain a trailer on the property. Article 4, section 9, provides:

"House trailers or mobile homes, so-called, whether on wheels, temporary foundations or permanent foundations shall not be permitted within the Town of Foster, except as follows: trailers that were lawfully located in said Town of [*sic*] July 1, 1971, and replacements for such trailers; camping trailers, so-called; and trailers when used as a temporary substitute residence following damage, arising from fire, windstorm or sudden casualty, to a permanent residence which has made such permanent residence uninhabitable."

The Heins contend that the trailer is a camping trailer and thus does not offend the ordinance. The trial justice upheld the zoning board's determination that the Heins were prohibited from placing their trailer on the property. The Heins admitted that the trailer is not registered and that they did not have any intention of moving it in the near future. The trailer does not have a well or a septic system, but it is used when the Heins visit their property. The trailer also has a deck that was described as "sitting next" to the trailer. We believe, as did the trial justice, that this use of a trailer is prohibited by the ordinance. Consequently the trial justice did not err in sustaining the zoning board's finding that the trailer's presence on the property violated the ordinance.

For the reasons stated, the petition for certiorari is denied and the writ heretofore issued is quashed. The judgment of the Superior Court is affirmed, and the case may be remanded to the Superior Court with our decision endorsed thereon.

FAY, C.J., did not participate.