DECISION
East Bay Mental Health Center and the Rhode Island Housing and Mortgage Finance Corporation ("the appellants") appeal a decision of the Zoning Board of Review of the City of East Providence ("the Board"). The Board denied the appellants' request for a use variance to convert a twenty unit communal assisted living facility for the elderly to a ten unit apartment-style assisted living facility for the mentality ill on the grounds that, inter alia, the appellants failed to show a loss of all beneficial use if required to conform to the zoning ordinance. This Court has jurisdiction pursuant to G.L. (1956) § 45-24-69. After reviewing the entire record and considering the arguments, the Court affirms the decision of Board.
 Facts and Travel
Appellant Rhode Island Housing and Mortgage Finance Corporation ("Rhode Island Housing"), which is a quasi-governmental corporation, owns real property at 70 Turner Avenue in East Providence. Said property includes a ten thousand square foot building, which originally housed a convent. The property is located in a densely populated residential area that is zoned for one and two family residences. In 1992, East Bay Geriatric Center purchased the building and applied for a use variance in order to convert the facility to an adult day care center and assisted living residence for the elderly.[1] The 1992 Zoning Board of Review ("1992 Board") approved a use variance for a twenty unit assisted living facility and a sixty person adult day care center. The assisted living facility included a communal kitchen and dining room but individual/separate living quarters. The record reflects that East Bay Geriatric Center defaulted on its mortgage, causing Rhode Island Housing to foreclose on the property.
Subsequently, Appellant East Bay Mental Health Center ("East Bay"), which is a nonprofit corporation, entered into a conditional purchase and sale agreement with Rhode Island Housing for the subject property. The agreement was conditioned upon East Bay's receiving the required zoning clearance. East Bay proposed to transform the facility into a ten to twelve unit assisted living residence for the mentally ill. Unlike the previous assisted living facility for the elderly, this residence would have kitchenettes and bathrooms installed for each unit. Moreover, the residents would have leases to their units.
East Bay first sought a zoning certificate from the Zoning Officer for the City East Providence (Zoning Officer) stating that their proposed use was either permitted under the 1992 variance or qualified as a community residence. The Zoning Officer found that the proposed changes were substantial and thus denied the appellants' request for a zoning certificate. The appellants appealed the Zoning Officer's decision to the Board.[2] Simultaneously and in the alternative, the appellants applied to the Board for a use variance in order to modify the terms of the 1992 use variance. On December 5, 2001, the Board held a meeting on the appellants' request for a use variance. At the meeting, the appellants' real estate expert, Neil Amper ("Amper"), testified that the appellants would be denied all beneficial use of their property if the use variance request was denied. The Board issued a decision on December 18, 2001, denying the requested use variance based upon, inter alia, its findings: (1) that the proposed use was not compatible with neighboring land use, (2) that the proposed use would create a nuisance, (3) that the proposed use would hinder the future development of the City, (4) that the proposed use would not conform to all applicable sections of the requested use variance, and (5) that the applicant would not be deprived of all beneficial use if it was required to conform to the zoning ordinance. The appellants filed the instant appeal to this Court.
 Jurisdiction and Standard of Review
This Court has jurisdiction over these appeals pursuant to G.L. (1956) § 45-24-69(a). This Court's scope of review is narrow:
 (d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This Court's review is circumscribed by and deferential to the administrative agency. Restivo v. Lynch, 707 A.2d 663, 667 (R.I. 1998). It cannot substitute its judgment for that of the zoning board, but must uphold a decision supported by substantial evidence contained in the record. Hein v. Town of Foster Zoning Bd. of Rev., 632 A.2d 643, 646 (R.I. 1993). "Substantial evidence . . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance." Lischio v. Zoning Board of Review, No. 2001-505-M.P., 2003 R.I. LEXIS 57, at *12 n. 5 (R.I. Supreme Ct. filed March 21, 2003) (quoting Caswell v. George Sherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981)). Thus, the Court must examine the record to determine whether competent evidence exists to support the Zoning Board's decision. New England Naturist Assoc., Inc. v. George, 648 A.2d 370, 371 (R.I. 1994).
 The Denial of the Requested Use Variance
The law places a heavy burden upon the applicant for a use variance. "It is well settled that to obtain a variance from a permitted use of property, a landowner must prove that `rigid insistence upon the property being devoted to a use permitted by the zoning regulations will deprive him of all beneficial use of his property and will therefore be confiscatory.'" Gaglione v. DiMuro, 478 A.2d 573, 576 (R.I. 1984) (quoting Goodman v. Zoning Bd. of Rev. of Cranston, 105 R.I. 680, 683,254 A.2d 743, 745 (1969)); Lischio v. Zoning Board of Review, No. 2001-505-M.P., 2003 R.I. LEXIS 57 (R.I. Supreme Ct. filed March 21, 2003); G.L. (1956) § 45-24-31(62)(i); East Providence Zoning Ordinance § 19-1.
General Laws (1956) § 45-24-41(c), (d) lists the evidentiary requirements that an applicant must satisfy in order to receive the requested relief. General Laws (1956) § 45-24-41(c) states:
 "In granting a variance, the zoning board of review requires that evidence to the satisfaction of the following standards is entered into the record of the proceedings:
 (1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant, excepting those physical disabilities addressed in § 45-24-30;
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief to be granted is the least relief necessary."
Section 45-24-41(d) states in part:
 "The zoning board of review shall, in addition to the above standards, require that evidence is entered into the record of the proceedings showing that: (1) in granting a use variance the subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of the zoning ordinance. Nonconforming use of neighboring land or structures in the same district and permitted use of lands or structures in an adjacent district shall not be considered in granting a use variance . . . ."
The applicant carries the burden of assuring that record contains evidence sufficient to meet the statute's requirements. The Court must determine whether substantial evidence exists for the Board's denial of the appellants' use variance request.
The appellants argue that there is no permitted beneficial use of the property, other than the assisted living facility that they have proposed. The appellants state that the building in question is unique in its R-3 zoned neighborhood, which allows only for one family dwellings. The appellants contend, however, that the building is not suitable for use as a one family dwelling. Furthermore, the appellants state that there is a deed restriction on the property that requires it to be used as affordable housing, which restricts their ability to market the building as a one family dwelling. The appellants imply that since East Bay Geriatrics failed financially while using the facility in accordance with the 1992 variance, the permitted use-a communal assisted living facility for the elderly-cannot currently be considered a beneficial use. The appellants therefore argue that they have been prejudiced by the Board's denial of their variance request because it denies them all beneficial use of the property.
The Board maintains that the appellants bore the burden of proving that they were entitled to the requested relief. The Board held that the appellants failed to provide sufficient evidence that the facility could not be used as a one family dwelling or in a manner consistent with the 1992 use variance. Specifically, in the Board's decision, it pointed to the fact that the appellants' real estate expert, Amper, testified that the property was never marketed as a one or two family residence. The Board further argues that Amper's testimony that the property is not marketable as a one or two family residence was conclusory and unsupported by probative evidence. The Board also contends that the deed restriction on the property was placed there by the owner, Rhode Island Housing, and that, therefore, the appellants cannot allege a loss of all beneficial use that resulted in part from a self-imposed restriction. The Board concludes that the denial of the use variance did not deprive the appellants of all beneficial use of the property.
In Gaglione v. DiMuro, 478 A.2d 573 (R.I. 1984), the Supreme Court quashed the grant of a use variance for the construction of townhouses on a property zoned for single family dwellings. The Supreme Court held that the variance applicant's expert testimony (in the form of a report) contained no financial data and amounted to little more than the expert's general opinion that an apartment complex was more beneficial than a single family home. "[T]o obtain a variance, an applicant must demonstrate by probative evidence that a literal application of the terms of the ordinance would deprive him of all beneficial use of his property." Id. at 576 (citing Coupe v. Zoning Bd. of Rev. of the City ofPawtucket, 104 R.I. 58, 59, 241 A.2d 821, 822 (1968)) (emphasis in original). "[S]tatements of economic unfeasibility that are mere conclusions and are unsupported by financial statements or cost data do not constitute probative evidence." Id. (citing Goodman v. Zoning Bd. ofRev. of the City of Cranston, 105 R.I. 680, 684-84, 254 A.2d 743, 746 (1969)); Compare Marks v. Zoning Bd. of Rev. of the City of Providence,102 R.I. 545, 549-50, 232 A.2d 382, 384-85 (1967) (quashing use variance to convert church into funeral home where applicant's expert merely stated that the permitted residential use was economically prohibitive without producing any cost estimates for renovating the church into single family home or other factual data), with Bilodeau v. Zoning Bd. ofRev. of the City of Woonsocket, 103 R.I. 149, 150-52, 235 A.2d 665, 666 (1967) (affirming grant of use variance where expert presented evidence "that the cost of converting the present building to multi-residence uses would be so great that amortization of the cost of conversion would require a rental charge per unit that would be far higher than that which could be commanded by such rental units in the neighborhood").
In the instant appeal, the record reflects that Amper did not present any documentation supporting his conclusion that the property was not desirable as a one family dwelling. The Supreme Court has held that difficulty in marketing property for residential purposes is not sufficient to prove loss of all beneficial use. See Smith v. Zoning Bd.of Rev. for the City of Warwick, 104 R.I. 1, 5, 241 A.2d 288, 290-91 (1968) (stating that applicant's testimony that property near heavily traveled railroad tracks was not marketable as residential property was not probative to show loss of all beneficial use). Here, the record reflects that the appellants never even attempted to market the property as a one family dwelling. The record also reflects, through the testimony of the appellants' expert, Amper, that he was not even sure what the value of the property would be as a single family dwelling. City of East Providence Zoning Board of Review, Hearing of December 5, 2001, at 48 (hereinafter "Transcript"). The expert's testimony that the property was not appropriate for a one dwelling is therefore not probative evidence.
Amper further testified that it would not be financially feasible to either renovate the twenty room structure to accommodate a one family household or demolish the existing facility and construct a one family dwelling. Transcript at 43, 55. In Rhode Island Hosp. Trust Nat'l Bankv. East Providence Zoning Bd., 444 A.2d 862 (R.I. 1982), the appellants sought a use variance to construct an apartment complex on two plots, one of which was in an area zoned for one and two family dwellings. The appellants argued that property acquisition expenses, coupled with the site preparation expenses, made it unfeasible to construct a one or two family dwelling on the plot zoned for said use. Id. at 863-64. The Supreme Court affirmed this Court's finding that the evidence of record of financial hardship was insufficient to prove the loss of all beneficial use. In Gaglione, the Supreme Court reiterated that zoning boards cannot equate economic unfeasibility in the real estate market with the loss of all beneficial use. Id. at 577.
In the instant appeal, it first must be stated that Amper's testimony regarding the financial unfeasibility of renovating the facility was not supported by projected construction, demolition, or renovation costs, but rather his conclusion hung solely on his bald assertion that such projects were unfeasible. Notwithstanding that fact, Amper's testimony-that it would be unfeasible to renovate the structure in accordance with permitted uses-was still inadequate to show the loss of all beneficial use. Thus, the Board's finding to that effect was not arbitrary, capricious, nor an abuse of discretion.
The record is also devoid of evidence showing that the facility could not be used as a twenty unit elderly assisted living facility and day care center. The record reflects that the previous owner's mortgage was foreclosed, but it lacks any evidence as to the circumstances surrounding the foreclosure. The mere fact that the East Bay Geriatric Center was unsuccessful does not automatically preclude the property's permitted use as a twenty unit elderly assisted living facility and day care center from being a beneficial use. Amper's testimony that it was unfeasible to use the facility in accordance with the various permitted uses-one family dwelling and twenty unit elderly home-was not probative evidence; rather, it was an unsupported conclusion.
The East Providence Zoning Ordinance permits other uses in the R-3 zone besides one family dwellings. Other permitted uses for the property include family day care homes, municipal facility, watershed protection, park, school, church, cultural activity, and transit shelter. The appellants' expert testified that these uses were not appropriate for this property. Transcript at 43-47. His testimony, however, consisted of little more than conclusory "no" answers to the questions presented to him of whether each use was appropriate. "It is not enough to show that the property cannot beneficially be devoted to one particular lawful use, or even to the primary or most common use allowed in that district; every
permitted use must be excluded before the standard is satisfied and a use variance may be granted." Roland F. Chase, Rhode Island Zoning Handbook
§ 132 at 152 (1993) (citing Weaver v. United Congregational Church,120 R.I. 419, 388 A.2d 11 (1978)); see Weaver, 120 R.I. at 424, 388 A.2d at 13 (stating that variance applicants must prove that their land cannot be put to each permitted use, including church, library, offices, rooming houses, etc., in order to show the loss of all beneficial use). Here, the appellants failed to show by probative evidence that the property could not be put to each permitted use. Therefore, the Court finds that the Board's determination that the appellants failed to provide evidence sufficient to show a loss of all beneficial use was not effected by error of law nor was it arbitrary or capricious.
As to the appellants' argument that a deed restriction, which required that the premises offer affordable housing, prevented them from marketing the property as a single family residence, the Court finds the existence of the deed restriction to be beyond the scope of the use variance application. "It has been rather uniformly held that any consideration of building restrictions placed upon property by private contracts has no place in proceedings under zoning laws for a building permit or a variance." 4 E. C. Yokley, Zoning Law and Practice § 26-5 at 349 (4th ed. 1979). The Court gleans from the record that the current owner, Rhode Island Housing, placed the deed restriction on the property before East Bay Geriatric Center purchased it. Section 45-24-41(c)(2) states that an use variance applicant must show that "the hardship is not the result of any prior action of the applicant." "[I]f the landowner creates the problem not only is there no unfairness in refusing to vary the terms of the ordinance, but to allow a self-created hardship to qualify would encourage landowners to violate the law. The rule may result in land that cannot be put to a productive use, but to rule otherwise would render zoning ordinances ineffective to control land use." 7 Patrick J. Rohan,Zoning and Land Use Controls § 43.02[6][a] at 43-66 (1978). The appellants have not shown a loss of all beneficial use of property by stating that a deed restriction that they placed upon the property prevents them from selling or marketing the property in accordance with its permitted use as a single family home.
 Conclusion
After reviewing the entire record, the Court affirms the decision of the Board. The Court finds that the Board's decision is supported by the reliable, probative, and substantial evidence of record. Furthermore, the Court also finds the Board's decision did not constitute an abuse of discretion, was not affected by error of law, is not arbitrary or capricious, and is not in violation of constitutional or statutory provisions. Since the substantial rights of the appellants have not been violated, the Court affirms the decision of the Board. Counsel are directed to confer and submit to this Court the proper order for entry after notice.
[1] At this time, Rhode Island Housing apparently placed an affordable mortgage restriction on the property that will remain in effect until 2008.
[2] The Board affirmed the Zoning Officer's decision. The appellants then appealed that decision to this Court. See East Bay Mental HealthCtr. v. Saveory, C.A. No. PC01-6770, Rhode Island Superior Court (filed Dec. 26, 2001).