[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
D. David Slaven and Denise A. Slaven (hereinafter "Appellants") appeal from the January 29, 2003 decision by the Smithfield Zoning Board of Review (hereinafter "Appellee" or "the Board") denying their petition for a variance. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
Appellants own real estate located on Ridge Road in Smithfield, Rhode Island, designated as Smithfield Tax Assessor's Map 45, Lot 1. The property in question contains 663,917 square feet or approximately 15.23 acres of land and is zoned R-Med by the Smithfield Zoning Ordinance for single-family residential medium density. The dimensional regulations for an R-Med Zone in Smithfield generally require 40,000 square feet minimum lot area and 150 feet of lot frontage and width.
The Appellants filed a petition with the Smithfield Planning Board to subdivide the subject property in order to create two lots: one with an existing residence on it containing 595,746 square feet (13.74 acres), and another containing 65,171 square feet (1.49 acres). The Appellants proposed to construct a new single-family dwelling on the second lot. Each of the proposed lots would meet all R-Med District lot dimensional requirements.
Appellants filed a request for a dimensional variance (Petition No. 02-061) for the smaller of the two lots, seeking relief from Article 5, Section 5.3.4-A of the Smithfield Zoning Ordinance that requires a dwelling to have a 100 foot buffer from fresh water wetlands. The proposed new dwelling would be 65 feet from the edge of a portion of a fresh water wetland Applicants applied for and received from the Rhode Island Department of Environmental Management a Wetlands Insignificant Alteration Permit and an Individual Sewage Disposal System approval allowing the construction of the proposed single-family dwelling.
At an October 20, 2003 hearing, the Board received testimony from Robert C. Cournoyer (Cournoyer), Appellants' engineer; and Michael Cavanaugh (Cavanaugh) and Dorothy Everett (Everett), abutters who opposed Appellants' application.
Cournoyer opined that there is no other location on the larger lot where the house could be situated without violating the wetlands ordinance. He stated that most of the property is wetlands, and that which is not wetlands is probably ledge. (Tr. at page 6.) According to Cournoyer, the house could not be shifted to the southeast in order to take it further away from the wetlands because of ledge.
Cournoyer indicated that the new structure was designed so that any effluent would be purified so that it would not contaminate the soil. He also testified that he foresaw no possibility that the effluent would damage the wetlands in the area. In response to the abutters' claims that the house should be built on another piece of property, Cournoyer said that "[i]n this particular case, Mr. and Mrs. Slaven have llamas and such [horses] around the back of the property, which is not a place to put the house" (Tr. at page 15), and that relocating them to the front of the house would be inappropriate. (Tr. at page 19.)
Abutter Cavanaugh said that the proposed lot sits on a slope and that the wetlands portion is usually wet and muddy "even in drought conditions." (Tr. at page 10.) He objected to the construction of the proposed dwelling because it would be constructed within the wetlands buffer which could be jeopardized by some mishap. (Tr. at page 11.) Cavanaugh recommended that the home be constructed to the rear of the lot. (Tr. at page 12.)
Ms. Everett, another abutter, said that prior to six years ago she never had any trouble in her backyard, but that during the past five or six years she has had some water problems and has found swamp in her backyard. (Tr. at page 22.)
On January 29, 2003, the Board denied Appellants' petition, and they have filed the instant appeal from that adverse decision.
 * * * * *
General Law 1956 § 45-24-69(D), which directs this Court in its review of a decision of the Zoning Board of Review on appeal, provides:
 "(D) The court shall not substitute its judgment or that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board or review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
In construing the instant appeal, this Court is obliged to examine the entire record "to determine whether `substantial' evidence exists to support the board's findings." Restivo v.Lynch, 707 A.2d 663, 665-66 (R.I. 1998) (citing Salve ReginaCollege v. Zoning Board of Review of Newport, 594 A.2d 878, 880 (R.I. 1991)). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla, but less than a preponderance." Caswell v. GeorgeSherman Sand and Grovel Co. Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 388 A.2d 821, 824-25 (R.I. 1978)). "To that end a reviewing court should exercise restraint in substituting its judgment for the judgment of the zoning board which is based on the evidence before it." Hein v. Town ofFoster Zoning Board of Review, 632 A.2d 643, 646 (R.I. 1993) (citing Mendosa v. Corey, 495 A.2d 257 (R.I. 1985)).
Article 10, Section 10.8 C of the Town of Smithfield Zoning Ordinance provides that:
 ". . . (2) in granting a Dimensional Variance, that the hardship that will be suffered by the owner of the subject property if the Dimensional Variance is not granted shall amount to more than a mere inconvenience, which shall mean that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief."
Article 10, Section 10.8 C of the Smithfield Zoning Ordinance mirrors the language of G.L. § 45-24-41 in the state zoning enabling act. On June 28, 2002 the General Assembly repealed that portion of § 45-25-41, which required an applicant for a dimensional variance to demonstrate that "there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property." Thus, at the time of the Appellant's hearing the applicable standard would have been that set forth in the amended § 45-24-41, "more than a mere inconvenience." SeeCamara v. City of Warwick, 358 A.2d 23 (R.I. 1976).
Article 10, Section 10.8 C of the Smithfield Zoning Ordinance and G.L. § 45-24-41 provide the standards for relief in granting a dimensional variance. The Board requires evidence demonstrating:
 "a) that the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not the general characteristics of the surrounding areas; and not due to a physical or economic disability of the applicant;
 b) that said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 c) that granting the requested variance will not alter the general characteristics of the surrounding area or impair the intent or purpose of this Zoning Ordinance or the Comprehensive plan of the Town;
 d) that the relief to be granted is the least relief necessary."
It is settled that Board members are obliged to provide specific factual findings, beyond the "boilerplat" statutory language, in order for the Superior Court to properly assess an appeal from its decisions. See von Bermuth v. Zoning Board ofReview of the Town of New Shoreham, 770 A.2d 396 (R.I. 2001). "When the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper in the circumstances." Id. at 401. "Decisions [should] . . . address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting [variance] relief, as set forth in § 45-24-41 (c) and (d)." Id. (citing Sciacca v.Caruso, 769 A.2d 578 (R.I. 2001)).
Our Supreme Court "has consistently held that municipal councils and boards acting in a quasi judicial capacity must make findings of fact and conclusions of law to support their decision." Cullen v. Town Council of the Town of Lincoln, No. 2001-212-M.P., slip op. at 5 (R.I. 2004) (citations omitted). In the instant case, the Board made the following findings of fact and then denied Appellants' application for a variance:
 "1. Robert C. Cournoyer, an engineer, testified that the applicants are seeking a thirty-five (35) foot variance from the wetlands' edge to construct a single-family dwelling. Mr. Cournoyer also testified that applicants have Department of Environmental Management approval. The applicants also have Planning Board approval subject to Zoning Board of Review approval. Mr. Cournoyer also testified that the proposed location is the best possible location to construct the dwelling.
 2. Michael Cavanaugh, an abutter, testified that he is familiar with the property. Mr. Cavanaugh also testified that the proposed lot sits on a slope and 200 feet from the brook is usually wet and muddy, even in drought conditions. Mr. Cavanaugh further testified that he objects to the construction of the proposed singly-family dwelling because the home will be constructed within the wetlands buffer. In his opinion, the home can be constructed to the rear of the lot.
 3. R. Cournoyer stated that in his professional opinion, the single-family dwelling cannot be constructed to the rear of the property.
 4. Dorothy Everett, an abutter, testified that she has had water problems on her property over the past six (6) years.
 5. The following were entered into the record and marked as Exhibits:
 Exhibit 1: A copy of an Insignificant Alteration Permit from the Department of Environmental Management.
 Exhibit 2: A copy of an Individual Sewage Disposal System Application from the Department of Environmental Management."
Based on these limited findings, the Board concluded that:
 "1. The hardship from which the applicants seek relief is not due to the unique characteristics of the subject land and structure and not to the general character of the surrounding area;
 2. Said hardship results from the desire of the applicant to realize greater financial gain;
 3. The granting of the requested variances will alter the general characteristics of the surrounding area and impair the intent or purpose of the Zoning Ordinance or the Comprehensive Plan of the Town;
 4. The relief to be granted is not the least relief necessary;
 5. The Board finds, in addition to the above, that evidence has been entered into the record of the proceedings showing that:
 a. The hardship that will be suffered by the owner of the subject property if the variance is not granted shall not amount to more than a mere inconvenience."
What is gleaned from the Board's findings is its acknowledgement that the single-family dwelling could not be constructed on another piece of the property and that the variance would not have a negative impact on the wetlands. The Board, however, in dismissive fashion, rejected that expert testimony and apparently opted to accept lay opinions of abutters Cavanaugh and Everett. The Rhode Island Supreme Court has indicated that lay judgments of neighboring property owners should be accorded little probative force in a zoning board's review of a special exception application. See Salve ReginaCollege v. Zoning Board of Review, 595 A.2d 878 (R.I. 1991).
This Court finds that the Board's decision is clearly erroneous in view of the reliable, probative, and substantial evidence that supports Appellants' petition. Accordingly, the Board's decision is hereby reversed, and the Board is directed to grant the Appellants' request for a dimensional variance.
Counsel for Appellants shall prepare an appropriate judgment order.