217 A.2d 92.

RICHARD S. SLAWSON *et ux. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF BARRINGTON.

FEBRUARY 25, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

Powers, J. This petition for certiorari seeks to quash the decision of the respondent board granting a special exception to the terms of the Barrington ordinance. We issued the writ, and in response to its mandate the respondent board seasonably certified the records in the cause to this court.

It appears therefrom that petitioners are the owners of an improved parcel, or lot of land. located on the westerly side of New Meadow road and situated in an A Residence Zone. A lot located in such a zone is required by the terms of the ordinance to have a minimum area of 15,000 square feet and a minimum frontage of 125 feet.

William F. and Gertrude Britton, hereinafter referred to as the applicants, are the owners of a lot or parcel of land

having a frontage on New Meadow road of 246.50 feet and a depth of 280 feet containing 70,820 square feet. The applicants' land abuts petitioners' land to the south.

It further appears that the applicants applied for an exception or variance pursuant to the provisions of section 41 B of the zoning ordinance for permission to "Divide present lot into 2 lots — one below required frontage, size to be 121.50' x 225' ± Area 30,620 Sq. Ft. for future building lot."

Publication of the application giving notice that a hearing would be held thereon November 16, 1961 appeared in the November 9, 1961 issue of the Barrington Times. At said hearing Mr. Ellsworth Stanley, a civil engineer, appeared on behalf of the applicants and stated that the latter desired to divide their lot, retaining the 125-foot frontage requirement on that portion of the lot on which their one-family dwelling was located and creating a lot having a 121½-foot frontage on which their son might build a home. He further stated that there was sufficient drainage and land area on the lot thus created to comply with the ordinance requirements and that application to subdivide the property had been duly made to the Barrington Planning Board which, in accordance with its regulations, had referred the matter to the zoning board.

The record further discloses that at the opening of the November 16 hearing a member of the respondent board observed that section 41 B was inappropriate for the reason that it referred to a prior ordinance. The town solicitor then advised the board that the application could be heard under Special Exceptions sec. 6-2-7 of the zoning ordinance and the application was thereupon corrected in this regard.

This section provides:

"The Zoning Board of Review shall have power to grant special exceptions under the conditions hereinafter set forth:

"(a) Such special exceptions shall be granted when in the judgment of the Board the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured.

"(b) Such special exceptions shall be granted only in specific cases, after public notice and hearing and subject to appropriate conditions and safeguards.

"(c) Such special exceptions shall be granted only to the extent and in the specific situations hereinafter enumerated in the following sections of this chapter."

The board made the necessary findings set forth in sec. 6-2-7, and granted the application pursuant to the provisions of secs. 6-2-8 and 6-2-12, which are as follows:

6-2-8 "The Board may authorize special exceptions to the area and yard requirements in any zone where compliance with such requirements is impracticable because of the width, depth or shape of the lot or because of the existence prior to the enactment of this Ordinance of a building on such lot so situated that it is impracticable to comply with yard and area requirements with respect to additions thereto.

6-2-12 "The Board may authorize by special exception in any district modification of the requirements of this Ordinance as said Board may deem necessary to secure development of a lot in harmony with the character of the neighborhood and appropriate to the uses authorized in such district."

The board made its decision notwithstanding the remonstrance of petitioners who filed a brief in opposition and the oral objections of a Raymond Thornton who also resided on New Meadow road.

The petitioners seek review of that decision in this court by way of certiorari. They contend that the decision of the board constitutes an abuse of discretion, is arbitrary, and further that the board lacked jurisdiction to act in the premises.

Prescinding from their contention that the board lacked

jurisdiction, we deem it advisable, in the unique circumstances of this case, to pass upon their arguments in support of their position that the decision is illegal, arbitrary and constitutes an abuse of discretion.

Their first argument is that the application was defective in that it did not constitute an appeal from the building inspector but was rather a direct request to respondent board. We have heretofore considered and rejected such contention. *Mello* v. *Board of Review*, 94 R. I. 43.

Even so, petitioners argue, the public notice given to them stated that the application was premised on "Section 41 B" and that there is no such section in the applicable ordinance. The petitioners, however, were present and were not prejudiced by the obvious inadvertence. See *Perrier* v. *Board of Appeals*, 86 R. I. 138.

The petitioners next contend, in effect, that the quantum and nature of the evidence required by sec. 6-2-7, before the board could exercise its discretion, were not met by the applicants, citing *Hazen* v. *Zoning Board of Review*, 90 R. I. 108. Further, they argue, the board's decision is defective in that it failed to set out the findings on which it was based, again relying on the *Hazen* case.

The petitioners, however, derive no assistance from the ruling of this court in the authority on which they rely. If the instant application were properly before the board, the nature of the proof required would fall within the principles laid down in *Viti* v. *Zoning Board of Review*, 92 R. I. 59, *Reynolds* v. *Zoning Board of Review*, 96 R. I. 340, 191 A.2d 350, and *H. J. Bernard Realty Co.* v. *Zoning Board of Review*, 96 R. I. 390, 192 A.2d 8. There we expressly held that, where the relief sought whether designated as an exception or variance was merely from lot line requirements, the applicant was not required to make such proof as would be necessary if the relief sought were for a change in the permitted uses.

More troublesome, however, is petitioners' principal contention, namely, that the board lacked jurisdiction for the reason that the instant application did not seek relief from a zoning restriction but rather sought permission to subdivide the lot. That a board of review lacks such jurisdiction, they vigorously contend, was squarely decided by this court in *Noonan* v. *Zoning Board of Review*, 90 R. I. 466. Continuing, they insist, the facts in the instant cause are on all fours with those in the *Noonan* case.

We agree with petitioners that boards of review are not vested with jurisdiction to subdivide land by reason of the provisions of G. L. 1956, chap. 24 of title 45, nor can they derive such jurisdiction by virtue of the ordinances adopted by the municipal legislatures pursuant to that enabling act. However, municipal legislative bodies are authorized to create planning commissions which may be vested with jurisdiction over the subdivision of land by virtue of the provisions of G. L. 1956, chap. 23 of title 45, and §45-23-14 expressly provides that the ordinance creating a planning commission shall also provide for a board of review for appeals from said commission. It further expressly provides that the zoning board of review may be designated as the board to which appeals are taken from decisions of the planning commission.

In 1948 the Barrington town council adopted an ordinance establishing a planning commission pursuant to the foregoing authority, then P. L. 1945, chap. 1631, and designated the board of review as the board to which appeals would be taken. Thereafter, in January 1949 the newly created Barrington planning commission, entitled by the ordinance which created it as a "Planning Board," adopted a set of rules as authorized by the enabling act and the ordinance adopted pursuant thereto.

It is provided therein as follows:
"D. Specific Standards:

"* * *

"(13) *Lots*:—shall conform in use, width, and area to the requirements of the Barrington Zoning Ordinance for the Zoning district in which such lots are situated. All lots shall have Zone-required frontage on a street, unless allowed by the Planning Board to be created through an approved Zoning variance, granted by the Zoning Board of Review.* * *"

"G. Subsequent Alteration Of Platted Lots:

"* * *

"(3) A platted lot shall neither be reduced in area nor street frontage below the Zone requirements, unless an exception or variance is granted on petition to the Zoning Board of Review."

Relying on the foregoing regulations for the subdivision and platting of land, the applicants applied, in the first instance, to the planning board for authority to divide their lot, as heretofore related, and their application having been approved they were referred to the respondent board for a variance from the 125-foot frontage requirement. Contrary then to the fact as contended for by petitioners, the applicants appeared before respondent board seeking such variance and not for permission to subdivide their land, notwithstanding the published phraseology of their application.

In *Noonan* v. *Zoning Board of Review, supra,* on which petitioners rely heavily, we stated at page 469: "In appropriate cases involving application to administrative boards or agencies, such boards and this court will attempt to do substantial justice by looking to the substance of the application for the purpose of ascertaining the precise relief sought by the applicant," citing *Garreau* v. *Board of Review,* 75 R. I. 44, 50.

Thus the record before us clearly establishes that at the hearing before the board of review, petitioners who were present were made fully aware of the true nature of the proceedings. This was that the applicants being the owners

of a single lot containing some 70,000 square feet and having a frontage of 246.50 feet, desirous of sharing this lot with their son, had sought permission from the planning board to divide it into two lots, both of which would have more than twice the required area, with full minimum frontage for one and a minus of 3½ feet for the other. Further, that the planning board had approved the division, referred the applicants to respondent board for a variance from the front yard minimum for the lot on which their son would build, and it was for the right to vary said minimum frontage that the application was addressed. Following, although not referring to the reasoning of this court in *Petrarca* v. *Zoning Board of Review*, 78 R. I. 130, respondent board in the instant case, in light of the foregoing, granted the application so that the applicants would not be deprived of all beneficial use of a large portion of their land when to deny the application would serve no public interests.

However, G. L. 1956, §§45-23-1 and 45-23-2, and section B (1) of the Barrington Planning Board rules vest jurisdiction for the subdivision of land within the planning board only when the division of a single parcel into two lots requires provision for a street. Here, provision for a street is not required and the application was not properly before the Barrington Planning Board. It follows, therefore, that the applicants' lot had not been divided when their application was considered by respondent board which, by reason thereof, was without jurisdiction to act in the premises. However justifiable its decision might be, if the lot had in fact been divided by the applicants, it was a nullity in the circumstances on which it was predicated.

The petition for ceritorari is granted, the decision of the respondent board is quashed without prejudice to the applicants in a proper proceeding, and the records in the cause are ordered returned to the respondent board.

*Francis J. Maguire,* for petitioners.

*Graham, Reid, Ewing & Stapleton, James A. Jackson,* for respondent.