This is an appeal pursuant to § 4-183
of the General Statutes from a decision of the Connecticut State Board of Labor Relations. The board dismissed a petition filed by the plaintiff Local 1186, Council No. 4, American Federation of State, County and Municipal Employees, A.F.L.-C.I.O., on February 14, 1974, and subsequently denied, on February 27, 1974, the petitioner's motion for rehearing.
The board has appeared by the attorney general. The board's answer denies the allegations of the complaint. This court took no evidence from the parties but accepted the case for review on the record, after listening to oral argument from the parties. Local 1186, hereinafter called the plaintiff, submitted a brief; the board did not. The court assumes for the purpose of this decision that the plaintiff has exhausted all administrative remedies and is aggrieved by a final decision of an agency authorized by law to determine contested cases.
The petition was filed on April 9, 1973, pursuant to § 7-471 (1) of the Municipal Employee Relations Act, and requested that the board certify to the parties, the City of New Britain and the petitioner, Local 1186, the name of the representative that had been designated or selected by the employees, approximately fifty traffic monitors or school-crossing guards in the city of New Britain. The board notified the parties that it would conduct a hearing and did in fact conduct a hearing on November *Page 213 
1, 1973, at which time all parties appeared and were given full opportunity to adduce evidence, examine witnesses, cross-examine witnesses and make arguments. The board made a finding that each and every traffic monitor employee was a part-time employee who worked less than twenty hours per week.
The sole issue presented to the board by this factual finding was whether or not traffic monitors are employees under the legislation giving the board jurisdiction to act. This legislation, § 7-467 (2), reads: "... `employee' means any employee of a municipal employer, whether or not in the classified service of the municipal employer, except elected officials, administrative officials, board and commission members, certified teachers, part-timeemployees who work less than twenty hours perweek, and persons in such supervisory and other positions as may be excluded from coverage under sections 7-467 to 7-477, inclusive, in accordance with subdivision (2) of section 7-471 [italics supplied]."
The board concluded that the part-time employees covered by this petition were excluded from the benefits of the act and dismissed the petition.
At the hearing before the board, the plaintiff urged the board to follow the ruling it had set forth in Thompson Board of Education and Local 1303, Council No. 4, American Federation of State, County and Municipal Employees, A.F.L.-C.I.O., Case No. 1900, Decision No. 925 (May 12, 1970). In that decision, the board sustained a certification petition of eleven employees, school-bus drivers, of whom eight worked less than twenty hours a week. The board was confronted with the issue whether these school-bus-driver employees, who worked less than twenty hours per week, were excluded under § 7-467 (2), and it concluded that they were not. *Page 214 
The statute which defines "employee," § 7-467 (2), in effect at the time of the Thompson decision, was first enacted by the legislature as Public Acts 1965, No. 159 § 1, on June 4, 1965. As enacted, the statute excluded various types of employees, including part-time employees who work less than twenty hours per week. This exclusion has remained in the statute up to the present time. In the Thompson case, the board decided that the twenty-hour exception was no jurisdictional disability to the board on the basis of the board's practical construction that the legislature, in enacting the Municipal Employee Relations Act, intended to incorporate in the exclusion the so-called twenty-hour rule which the board had adopted and elaborated in administering the original state Labor Relations Act (General Statutes §§ 31-101 — 31-111) in order to provide for uniform administration of the states' twin labor relations statutes. As administratively adopted, the so-called twenty-hour rule sometimes denied the benefits of the state Labor Relations Act to part-time employees who worked less than twenty hours per week. See Norwich City Cab Co., Decision No. 366 (Dec. 29, 1955). The rule was not applied, however, where all, or virtually all, of the employees worked only part-time. See Yankee Silversmith Inn, Inc., Decision No. 429 (Nov. 30, 1956). The rule did not seek to disenfranchise part-time workers except where it was necessary to protect a substantial number of full-time workers from having their voting strength diluted or perhaps distorted. The statute which defines "employee" for purposes of the state Labor Relations Act, § 31-101 (6), has been in effect since 1945 and does not contain any explicit exception pertaining to part-time employees who work less than twenty hours per week. Accordingly, some practical construction of that statute was necessary whenever the board came face to *Page 215 
face with the issue of the eligibility of part-time employees to vote in board-sponsored elections. In the Thompson decision, supra, the board concluded that, despite the explicit language of § 7-467 (2), the legislature had intended to incorporate the board's administratively adopted twenty-hour rule, and the board decided that case within the framework of the Yankee Silversmith exception to the twenty-hour rule, thus permitting the part-time school-bus drivers to enjoy the benefits of collective bargaining.
In this decision, the board has reconsidered its reasoning in the Thompson decision, supra, and determined that it was in error, since the language of § 7-467 (2) is clear and unambiguous and requires no practical construction. Reconsideration of a previously stated policy is a prerogative of administrative agencies, which are ordinarily not restrained under the doctrine of stare decisis or on the grounds of equitable estoppel. 73 C.J.S., Public Administrative Bodies and Procedure, § 148.
"It is a rare case in which a court will reverse an administrative body because of its failure to apply the doctrine of stare decisis, or because in a particular case it has departed from the policy expressed in earlier cases." 2 Cooper, State Administrative Law, p. 532. In those cases where reversal is justified, the administrative decision must be palpably arbitrary, unreasonable or discriminatory. Ibid.
The practical construction placed upon an act in the course of administration is entitled to some consideration, and if it extends over many years it can become "high evidence of what the law is." Huntington
v. Birch, 12 Conn. 142, 149; Wilson v. WestHaven, 142 Conn. 646, 657. The practical construction of one ambiguous act, § 31-101 (6), is, however, *Page 216 
a rather slender basis for the practical construction of another act, § 7-467 (2), which is unambiguous on its face and needs no construction. The legislative history of § 7-467 (2) indicates that it was derived from the report of the interim commission to study collective bargaining by municipalities. This report, dated February, 1965, did not include among those excepted "part-time employees who work less than twenty hours per week." Among the bills submitted to the joint committees were three which likewise failed to exempt "part-time employees who work less than twenty hours per week." The final product of the legislature, Public Acts 1965, No. 159, approved June 4, 1965, did contain the exception excluding part-time employees who work less than twenty hours per week as well as elected officials, administrative commission members, certified teachers and supervisory employees. § 7-467 (2). This is persuasive evidence of the intention of the lawmaking body; Wilson v. New Haven, supra, 654; which is the polestar of statutory construction.
The board's reconsideration of its Thompson decision, supra, when viewed in the light of these considerations, seems reasonable and discreet, and well founded in the record.
 Accordingly, the appeal is dismissed.