408 A.2d 928.

NORTH PROVIDENCE SCHOOL COMMITTEE *vs.*
RHODE ISLAND STATE LABOR RELATIONS BOARD *et al.*

NOVEMBER 21, 1979.

PRESENT: Bevilacqua, C.J., Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.   This case comes before us on a petition for certiorari from a judgment of the Superior Court which reversed decisions by the Rhode Island State Labor Relations Board (the board) ordering an election and requiring the North Providence School Committee to bargain with representatives of a group of employees who perform crossing-guard duties.

This dispute primarily arises out of an interpretation of a section of the Municipal Employees' Arbitration Act, G.L. 1956 (1968 Reenactment) §28-9.4-2(2) (the act), which provides in pertinent part as follows:

> "'Municipal employee' means any employee of a municipal employer, whether or not in the classified service of the municipal employer, except elected officials, administrative officials, board and commission members, certified teachers, policemen, firefighters, part-time employees who work less than twenty (20) hours per week, and persons in supervision [sic] positions."

Section 28-9.4-3 accords to municipal employees as defined above the right to bargain collectively with municipal employers. It is conceded that the school committee is a municipal employer.

The Superior Court interpreted the statute as not granting to part-time employees who work less than twenty hours the

right to bargain collectively and, therefore, reversed decisions of the board which purported to grant such rights to the crossing guards. The facts are undisputed. School crossing guards in North Providence work every day of the school year, which normally covers 180 days. They work approximately ten hours per week and are paid about $45 per week.

On September 12, 1975, representatives of Local 1033 of the Laborers' International Union of North America, AFL-CIO (the union) filed a petition with the board, seeking certification as the bargaining representative for the sixteen crossing guards employed by the North Providence School Committee. The school committee opposed the petition on the ground that these crossing guards were part-time employees who worked fewer than twenty hours per week and therefore were excluded from the statutory definition of "municipal employees" and hence were not entitled to bargain collectively. The board issued an order based upon the conclusion that the guards were full-time employees of the town of North Providence and therefore did not come within the "part-time" exception of §28-9.4-2(2) of the act. Thus the board held that the twenty-hour limitation did not apply to the crossing guards since they were "full-time employees." The order directed an election to be held. Thereafter, an election was held on December 3, 1975, wherein a majority of the guards voted to be represented by the union, and the board certified the union as the bargaining representative for the guards. The school committee refused to bargain with the union and maintained its position that the guards were ineligible to bargain collectively under the act. The union filed an unfair labor practice charge on January 2, 1976; and on June 25, 1976, the board ordered the school commmittee to bargain with the union.

The school committee appealed both board decisions -- the order directing that an election be held, and the order to bargain -- to the Superior Court. The only issue on appeal, as before us, was whether the board was correct in determining

that the guards were municipal employees as defined in the act. The Superior Court held that since the guards worked less than twenty hours per week, they came within the exception provided in §28-9.4-2(2) of the act and were therefore not eligible to organize and bargain collectively with the school committee. We agree.

Where the language of a statute is free from ambiguity and expresses a clear and sensible meaning, such meaning is presumed to be intended by the Legislature and the statute must be interpreted literally. *Statewide Multiple Listing Service, Inc.* v. *Norberg*, 120 R.I. 937, 392 A.2d 372, 373 (1978); *Markham* v. *Allstate Insurance Co.*, 116 R.I. 152, 155-56, 352 A.2d 651, 653 (1976); *Podborski* v. *William H. Haskell Manufacturing Co.*, 109 R.I. 1, 8, 279 A.2d 914, 918 (1971).

In the case at bar our Legislature clearly intended to create a simple, bright-line exception to the definition of "municipal employees." This exception consists of part-time employees who work less than twenty hours per week. The argument of the State Labor Relations Board that such employees, although they work fewer than twenty hours per week, are not "part-time" employees is unpersuasive to us as it was to the Superior Court. The board would create an ad hoc interpretation based upon each job classification in place of the clear line of demarcation which the Legislature employed.

In support of its position, counsel for the board argues that our statutory definition was derived from the Connecticut Municipal Employee Relations Act which contains a similar exception for "part-time" employees who work less than twenty hours per week. Conn. Gen. Stat. Ann. §7-467(2) (West 1972).[1] Counsel for the board further argues that the Connecticut State Board of Labor Relations, in *Thompson Board of Education*, Decision No. 925 (May 12, 1970),

---

[1] This statute has recently been amended in respect to provisions which are not pertinent here. *See* 1978 Conn. Pub. Act No. 78-375, §1.

authorized a unit of eleven bus drivers, eight of whom worked fewer than twenty hours per week, to organize and bargain collectively. This decision was based upon an administrative rule which the Connecticut State Board of Labor Relations had developed prior to the adoption of the statutory definition of part-time employees.

However, in a later case wherein a group of approximately fifty school crossing guards employed by the city of New Britain sought bargaining rights, the Connecticut State Board of Labor Relations rejected its prior interpretation and construed the Connecticut exclusion literally. The crossing guards were determined to be excluded from the right to bargain since they worked less than twenty hours per week. *City of New Britain*, Connecticut State Board of Labor Relations Decision No. 1201 (Feb. 14, 1974). This decision was upheld by the Connecticut Court of Common Pleas. *City of New Britain* v. *Connecticut State Board of Labor Relations*, 31 Conn. Supp. 211, 327 A.2d 268 (C.P. 1974). Thus, the most recent interpretation given to the Connecticut statute by its State Board of Labor Relations and by a reviewing court is consonant with that adopted by the Superior Court in the case at bar.[2]

We are of the opinion that the construction given by the Superior Court that municipal employees who work less than twenty hours are part-time employees and that they are excluded from the definition contained in §28-9.4-2(2) of the act is correct.

For the reasons given, the judgment below is affirmed. The writ of certiorari heretofore issued is quashed, and the

---

[2] In originally adopting the twenty-hour rule, the Connecticut State Board of Labor Relations assumed that those who worked less than twenty hours were not only part-time workers, but that they were working less than half time. Thus the assumption which underlay the rule was that the standard full-time work week was forty hours. *See Davidson & Leventhal, Inc.*, Conn. State Bd. of Labor Relations Dec. No. 120 (Feb. 3, 1948); Darcy, Foy, James, & Kingston, *Connecticut Labor Relations Statutes and Decisions: Differences from Federal Law*, 9 Conn. L. Rev. 515, 525 (1977).

papers in the case are remanded to the Superior Court with our decision endorsed thereon.

*Robert S. Ciresi,* for plaintiff-respondent.

*Vincent F. Kane,* Legal Counsel, Labor Relations Board, for defendants-petitioners.