DECISION
Before this Court is an appeal from a decision of the Smithfield Zoning Board of Review. On appeal, appellant Romeo Struglia challenges the October 10, 2001 decision of the Zoning Board that granted him a dimensional variance with regard to the subdivision of his property but conditioned the variance on the requirement that there not be any further subdivision of the property. Appellant Struglia seeks a modification of the decision that would eliminate the condition and leave intact the Board's grant of his requested variance. For the reasons set forth in this decision, this Court affirms the decision of the Zoning Board in part, reverses that decision in part, and modifies the decision, as requested by appellant Struglia.
 FACTS/TRAVEL
Appellant Romeo Struglia ("appellant Struglia") is the owner of a 50 acre parcel of land located at 131 Burlingame Road in the Town of Smithfield and known as Assessor's Plat 50, Lot No. 77 in the Land Evidence Records for the Town of Smithfield (the "Property"). On July 12, 2001, he petitioned the Smithfield Planning Board (the "Planning Board") for permission to subdivide the Property into two parcels: the first parcel (Lot A) was to comprise 5 acres with road frontage of approximately 250 to 260 feet and serve as appellant Struglia's primary residence, while the remaining 45 acre undeveloped parcel (Lot B) with road frontage of 50 feet was to be sold at a later date.
The Planning Board granted this petition subject to "zoning board approval." Planning Board Minutes of Meeting (July 26, 2001); Appellees' Exhibit A. It deemed such approval to be necessary because a subdivision of the Property, as proposed, would result in each parcel lacking the requisite 350 feet of road frontage that only could be sanctioned through the Zoning Board's grant of a dimensional variance. Subsequently, appellant Struglia petitioned the Zoning Board for a dimensional variance with respect to both lots pursuant to Smithfield Zoning Ordinance, Art. V § 5.9.5.
The Zoning Board convened a public hearing on appellant Struglia's request for variance on August 30, 2001. On October 10, 2001, the Zoning Board rendered a written decision that conditionally granted appellant Struglia's request for a dimensional variance.
In its decision, the Board made several findings of fact. It referenced the applicant's hearing testimony, as follows:
 [appellant Struglia] testified that he currently owns fifty (50) acres . . . [and] is seeking to carve out a portion of the property that has his home located on [it]. The remainder of the property will be sold. Mr. Struglia also testified that the remaining parcel will be kept as a single parcel of land, and will not be subdivided.
Zoning Board Decision at 1; Appellant's Exhibit D. The Zoning Board also made the following findings:
 1. The hardship from which the applicant seeks relief is due to the unique characteristics of the subject land and structure and not to the general character of the surrounding area and is not due to the physical or economic disability of the applicant;
 2. Said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 3. The granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the Zoning Ordinance or the Comprehensive Plan of the Town;
 4. The relief to be granted is the least relief necessary. . . ;
 5. The Board finds, in addition to the above, that evidence has been entered into the record of the proceeding showing that:
 a. The hardship that will be suffered by the owner of the subject property if the variance is not granted shall amount to more than a mere inconvenience.
Id. The Zoning Board, by a 5-0 vote, granted appellant Struglia's request for a dimensional variance, but imposed the following condition: "Consistent with the representations of the applicant/owner, Lot B will be maintained in its current configuration and shall not be subject to further subdivision." Id. at 2.
On October 29, 2001, appellant Struglia timely appealed the Zoning Board's decision to this Court pursuant to R.I. Gen. Laws § 45-24-69. Appellant Struglia first argues on appeal that the Zoning Board's attempt to condition its grant of his requested dimensional variance on a total prohibition of future subdivision of Lot B is ultra vires, as the proper repository for such authority is the Planning Board. He also contends,inter alia, that even if the Zoning Board had such authority, the prospective total ban on subdivision of one parcel of the Property not only exceeds the scope of his variance application but also amounts to an unconstitutional taking without just compensation. Finally, appellant Struglia argues that he did not agree to a ban on such future subdivision, as the Zoning Board claims.
The Zoning Board responds that it has the authority to condition the grant of a variance on a total ban on further subdivision of the Property. The Zoning Board contends that appellant Struglia represented at the hearing that he did not intend to subdivide Lot B and that it based the condition imposed on its granting of his variance request on his representation.
 STANDARD OF REVIEW
Aggrieved parties may appeal a decision of the Zoning Board to this Court. R.I. Gen. Laws § 45-24-69. By statute, the Court's review of that decision:
 (c) shall be conducted . . . without a jury. The court shall consider the record of the hearing before the zoning board of review . . . .
 (d) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
(1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Id.
Essentially, the reviewing court gives deference to the decision of a zoning board, the members of which are presumed to have special knowledge of the rules related to the administration of zoning ordinances and the decision of which must be supported by legally competent evidence.Monforte v. Zoning Bd. of Review of East Providence, 93 R.I. 447, 449,176 A.2d 726, 728 (1962); see Braun v. Zoning Bd. of Review of SouthKingstown, 99 R.I. 105, 108, 206 A.2d 96, 98 (1965) (defining competent evidence as that presumed to be possessed by members of such boards). This deference, however, must not rise to the level of "blind allegiance." Citizens Savings Bank v. Bell, 605 F. Supp. 1033, 1042 (D.R.I. 1985). This Court conducts a de novo review of questions of law; thus the Court may remand the case for further proceedings or vacate the decision of the zoning board if it is "clearly erroneous in view of the reliable, probative and substantial evidence of the whole record." vonBernuth v. Zoning Bd. of Review, 770 A.2d 396, 399 (R.I. 2001); R.I. Gen. Laws § 45-24-69(d)(5).
 ANALYSIS
Appellant Struglia argues that the Zoning Board did not have the authority to regulate the future subdivision of the Property. He contends, therefore, that the Zoning Board's grant of a dimensional variance conditioned on a ban on all future subdivision of Lot B isultra vires. In contrast, the Zoning Board argues that it had the authority to grant the conditional dimensional variance pursuant to R.I. Gen. Laws § 45-24-43 and the Smithfield Zoning Ordinance, Art. X § 10.8(c)(3), which empower them to apply special conditions to the granting of a variance. The Zoning Board submits further that it based its decision to grant the dimensional variance on appellant Struglia's representation that he did not intend to subdivide Lot B in the future. The Zoning Board maintains that if it had known that appellant Struglia intended to subdivide the Property further it never would have granted the variance.
 THE AUTHORITY OF THE ZONING BOARD TO CONDITION A VARIANCE ON A BAN ON FUTURE SUBDIVISION OF THE PROPERTY
It is well settled that municipal zoning is a microcosm of municipal planning and not the reverse. Arden Rathkopf and Daren Rathkopf, The Lawof Zoning and Planning § 64.02 (4th ed. 1998). Accordingly, "subdivision control . . . establishes more general standards to be specifically applied by an administrative body in order to ensure that the change of use will not be detrimental to the community." Id. Thus, while zoning is immediate in its focus, planning has prospective effect. Id.
Such broad-based powers, therefore, are often vested in local planning commissions that "exercise jurisdiction over the approval and development of subdivisions." Yoakley, Zoning Law and Practice § 17-5 (1979) 2001 Cum-Supp.
As with other states, the Rhode Island Development Review Act, R.I. Gen. Laws § 45-23-25 et seq. (the "Development Act"), similarly empowers municipalities to oversee the subdivision of land through the establishment of local planning boards. Specifically, R.I. Gen. Laws § 45-23-51 states that "[t]he city or town council shall empower, by ordinance, the planning board to adopt, modify and amend regulations and rules governing land development and subdivision projects within that municipality and to control land development and subdivision projects pursuant to those regulations and rules." Indeed, the Rhode Island Supreme Court's pronouncement that "a board of review is without authority to divide or regulate the subdivision of land," while based on the statutory predecessor of R.I. Gen. Laws § 45-23-25 et seq., remains good law.Noonan v. Zoning Bd. of Review, 90 R.I. 466, 470, 159 A.2d 606, 608 (1960); see also Slawson v. Zoning Bd. of Review of Barrington,100 R.I. 485, 490, 217 A.2d 92, 95 (1966); Town of Charlestown v.Falcone, 560 A.2d 347, 348-349 (R.I. 1989); Sawyer v. Cozzolino,595 A.2d 242, 246-247 (R.I. 1991). Consequently, a zoning board's attempt to exercise control over the subdivision of land outside its limited scope of authority (i.e., variances, etc.) is an "exercise of power in excess of its jurisdiction and a nullity in law." Noonan, 90 R.I. at 471, 159 A.2d at 608.
The Zoning Board asserts that it properly conditioned its grant of the requested dimensional variance on a total ban on all further subdivision of Lot B. For this proposition, the Zoning Board relies on Quattrocchiv. Finley, C.A. No. N.C. 97-0300 (R.I. Super. Ct. Aug. 6, 1999) (Thunberg, J.) While the Superior Court in that case upheld a zoning board's grant of a dimensional variance and its grant was conditioned on a total ban on all future subdivision of the subject property, that condition was not challenged on appeal. Quattrocchi, therefore, does not stand for the proposition that such conditions are lawful and is thus clearly distinguishable from the case at bar. Indeed, neither the Superior Court nor the Supreme Court in Rhode Island have had occasion to address the issue raised in this appeal.
The Zoning Board also argues that the Rhode Island Supreme Court's decision in Noonan, supra, 90 R.I. at 471, 159 A.2d at 608, supports its contention that it is authorized to regulate the subdivision of land. The Zoning Board's reliance on Noonan, however, is also misplaced. As noted previously, the Rhode Island Supreme Court held in Noonan that zoning boards are prohibited from regulating the subdivision of land. The Supreme Court's characterization of the applicant's petition in Noonan as one for permission to subdivide land rather than for a variance, therefore, does not limit its holding, as the Board asserts here, to situations where only a subdivision application is involved. Seegenerally Falcone, 560 A.2d at 348-349.
Finally, in arguing for the right to condition a variance on a prohibition against future subdivision, the Zoning Board seeks to distinguish the Supreme Court's decision in Slawson in which the Court held that a zoning board is powerless to regulate the subdivision of land. The Board maintains that the Development Act has supplanted R.I. Gen. Laws § 45-23-1 et seq., on which Slawson was based, and that, therefore, one must read that case in light of the Development Act's changes regarding subdivision regulation. This position, however, ignores the fact that the Development Act is in many ways a re-codification of R.I. Gen. Laws § 45-23-1 et seq. Thus, the Court's determination inSlawson that R.I. Gen. Laws § 45-23-1 et seq. does not empower local zoning boards to regulate land subdivision is equally applicable to the Development Act. Despite the re-codification of R.I. Gen. Laws §45-23-1 et seq., the Zoning Board has not presented any compelling reason for this Court to abandon the clear holding of Slawson that "boards of review are not vested with jurisdiction to subdivide land." Slawson, 100 R.I. at 490, 217 A.2d at 95.
The Zoning Board further maintains that Adams v. Zoning Bd. of Reviewof Providence, 86 R.I. 396, 135 A.2d 357 (1957), supports its argument that it has the authority to impose a condition on a grant of zoning relief that would preserve the property from further subdivision. InAdams, the Supreme Court held, inter alia, that the legislature did not intend to afford zoning boards of review the ability to grant exceptions that are extensive and that substantially change the nature of a particular zone. To do so, in the words of the Zoning Board, would create "a non-conforming substantial exception to [the] Smithfield Zoning Ordinance." Appellees' Brief at 11. While the Zoning Board correctly interprets Adams, its inverse application to the present facts is a nonsequitur. To hold otherwise would suggest that the Zoning Board, in granting zoning relief, could impose any condition it wanted in furtherance of a comprehensive plan so long as it did not substantially alter the character of the zone.
In the present matter, while the Zoning Board had the power to decide whether to approve an application for a dimensional variance based on the Smithfield Zoning Ordinance, its power did not extend into the realm of subdivision regulation, approval, or denial. Although R.I. Gen. Laws § 45-24-43 and Art. X § 10.8(c)(3) of the Smithfield Zoning Ordinance grant the Zoning Board significant discretion to append conditions to the grant of a variance that it believes further the intent and purposes of the comprehensive plan, such discretion is not unlimited and cannot extend to subdivision regulation, approval or denial. SeeNoonan, 90 R.I. 466, 159 A.2d 606 and its progeny; see also Warren v.Frost, 111 R.I. 217, 221, 301 A.2d 572, 574 (1973) (holding that zoning boards are authorized by statute only to append reasonable conditions to the grant of a variance) (emphasis added).
Moreover, even assuming, arguendo, that the Zoning Board had the power to condition its variance on a prohibition against further subdivision of Lot B to further the intent and purposes of the comprehensive plan, there was no finding by the Zoning Board in this case that it imposed the condition for that purpose. Indeed, it appears that the Board imposed the condition only after attempting to get appellant Struglia to agree to it. More importantly, there is no credible evidence of record, as required by R. I. Gen. Laws § 45-24-43, on which the Zoning Board could have based such a finding.
Accordingly, this Court finds that the Zoning Board lacked the power to condition its grant of the dimensional variance on a total ban on all further subdivision of Lot B. The Board cannot unilaterally append a condition to a decision granting zoning relief that extends its power into the realm of subdivision regulation. Moreover, the condition was not found by the Board to further the intent and purposes of the comprehensive plan nor is there competent evidence in the record from which such a finding could have been made.
 CONSENT TO CONDITION A VARIANCE ON A BAN ON FUTURE SUBDIVISION OF THE PROPERTY
Perhaps mindful of its inability to unilaterally condition variance approval on a prohibition against future subdivision of the Property, the Zoning Board sought at the hearing to obtain appellant Struglia's consent to such a condition and now seeks to use his alleged consent to justify imposition of that condition. A dispute exists between these parties, however, as to whether appellant Struglia in fact agreed that Lot B would not be further subdivided as a condition to the grant of the dimensional variance.
According to the transcript of the hearing, the Zoning Board's primary focus at the hearing was to question appellant Struglia about his intentions regarding future subdivision of the Property. Indeed, the forceful questioning by counsel to the Zoning Board and another member of the Zoning Board appears to have been a transparent attempt by the Zoning Board to secure appellant Struglia's consent to the prohibition against further subdivision of the Property so that it could impose such a condition. Yet given the absence of authority for a zoning board to regulate the subdivision of land, as previously noted, the Zoning Board presumably had no right to even question appellant Struglia about his intentions in this regard. See Noonan, 90 R.I. 466, 159 A.2d 606 and itsprogeny.
More importantly, appellant Struglia's responses to the Board's inquiry fall woefully short of establishing an agreement between the parties to condition a grant of his requested variance on a prohibition against further subdivision of Lot B. At the hearing, appellant Struglia represented that he did not intend to subdivide. Tr. at 8-10. Specifically, appellant Struglia was directly asked whether he intended to subdivide, to which he replied "[d]o I have any intention of subdividing? . . . no . . . that's a single parcel, as far as I'm concerned." Tr. at 8. Asked whether he intended to market Lot B as being capable of supporting future subdivision, appellant Struglia remarked "I'm just selling the land . . . [a]s one single piece of land." Id.
While appellant Struglia's responses to the Zoning Board's questions clearly indicate his intention not to subdivide Lot B and to sell it as a single piece of land, his statements fall short of manifesting his consent to a variance conditioned on a prohibition against such future subdivision. The Zoning Board did not ask him to consent to that condition nor did appellant Struglia's representations at the hearing manifest such consent. Even assuming, therefore, that the Zoning Board could condition a variance on a ban on future subdivision of the property based on an applicant's consent to such a condition, the record at the Zoning Board hearing does not support a finding of consent by appellant Struglia to such a condition in this case.
Notwithstanding the absence of evidence in the record to support a finding that appellant Struglia consented to the condition imposed by the Zoning Board, the Zoning Board nonetheless worded the condition to suggest that it was based on consent. The Zoning Board's decision granting the requested variance requires that "Lot B will be maintained in its current configuration" and "shall not be subject to further subdivision." Zoning Board Decision at 2. The decision specifically states that these requirements are "[c]onsistent with the representations of [appellant Struglia]." Id. Yet the record discloses that these requirements are not consistent with the representations of appellant Struglia, as he never consented to a conditional variance.
Accordingly, the Zoning Board lacked the authority to condition its grant of dimensional relief to appellant Struglia on a prohibition against further subdivision of Lot B. Even assuming that it had the authority to impose such a condition by consent, the absence of sufficient evidence to indicate that such a condition was agreed to by and between the parties precludes the Board from imposing that condition.
 THE REMEDY
After a careful, independent review, this Court finds that the decision of the Zoning Board granting a variance conditioned on a total ban of future subdivision of Lot B was in excess of its statutory and regulatory authority and not supported by the substantial evidence of record. The question then becomes whether, in light of that error, this Court should affirm the Zoning Board's decision to grant the variance but reverse its decision to condition that grant on a ban on further subdivision of Lot B and thus modify the decision to eliminate the condition or whether, instead, this Court should reverse the Zoning Board's decision to grant a conditional variance and remand the case to the Zoning Board for further proceedings.
Under the statute governing appeals of zoning board decisions, this Court may reverse or modify the decision or remand the case to the Zoning Board for further proceedings. R.I. Gen. Laws § 45-24-69. In this case, the Zoning Board suggests that a remand is appropriate, whereas appellant Struglia suggests that the portion of the decision imposing a condition should be reversed, the portion of the decision granting a variance should be affirmed and the decision should be modified accordingly.
Based on this Court's review of the record, it is clear that the Planning Board approved appellant Struglia's minor subdivision request subject only to his obtaining a dimensional variance from the Zoning Board. The Zoning Board's only concern with appellant Struglia's variance request was that it might give rise to future subdivision of the forty-five (45) acre parcel of the Property that appellant Struglia received permission from the Planning Board to subdivide from the five (5) acre parcel on which his home is located. This concern, as previously noted, was outside the purview of the Zoning Board's jurisdiction. The Zoning Board did not receive or consider any other evidence relevant to the requested dimensional variance. It found that the standards for its granting a dimensional variance all had been satisfied.
Accordingly, this Court reverses the Zoning Board's decision to condition the variance on a total ban of future subdivision, but affirms its grant of the variance itself. A remand of this matter to the Zoning Board for further proceedings based on the record previously submitted is not justified and would be futile because the substantial evidence of record, in this Court's judgment, could yield no contrary result. This Court thus modifies the Zoning Board's decision to eliminate the condition attached to its grant of appellant Struglia's variance application embodied in the first paragraph of the conditions to which that grant was made subject (namely, the express condition that "Lot B will be maintained in its current configuration and shall not be subject to further subdivision") and leaves intact that portion of the Zoning Board's decision that grants appellant Struglia's application for a dimensional variance. The Zoning Board's decision, therefore, is affirmed in part and reversed in part.
Any remaining issues regarding the further subdivision or development of Lot B are more appropriately addressed to the Planning Board. Although the Zoning Board's decision also required that a copy of its decision be filed in the Land Evidence Records, no such decision shall be filed unless it is accompanied by the filing of this Court's order and judgment modifying that decision. Based on this Court's rulings with regard to the issues addressed herein, it need not address any further issues raised by appellant Struglia in his appeal.
Counsel shall confer and agree upon an appropriate form of order and judgment, reflective of this Court's decision, and submit it to the Court forthwith for entry.